# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| ANTHONY SMITH, JR. and ) <br> LORETTA LYNN SMITH ) <br> ) <br> ) <br> Plaintiffs ) <br> v. ) <br> ) <br> ) <br> ICG ADDCAR SYSTEMS, LLC and ) <br> JOY TECHNOLOGIES INC. d/b/a MINING ) <br> MACHINERY <br> ) <br> Defendants. ) | ***Electronically filed*** <br><br> Civil Action No. _____ |

## NOTICE OF REMOVAL

\* \* \* \* \* \* \* \*

The Defendant , ICG ADDCAR, LLC ("ADDCAR"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby notifies this Court that it is removing the above-captioned action, currently pending as Civil Action No. 11-CI-00551 in the Harlan Circuit Court in Harlan, Kentucky, to the United States District Court for the Eastern District of Kentucky, London Division.  In support of this Notice of Removal, ADDCAR states as follows:

1. On or about August 30, 2011, Plaintiffs Anthony Smith Jr. and Loretta Lynn Smith filed a lawsuit in the Harlan Circuit Court in Harlan, Kentucky styled, <u>Anthony Smith Jr. and Loretta Lynn Smith v. ICG ADDCAR, LLC</u>, Civil Action No. 11-CI-00551.  Plaintiffs' Complaint includes strict liability, negligence and loss of consortium claims against ADDCAR based on alleged defects in the design, manufacture and warnings pertaining to a purported highwall miner.  (*See* Plaintiff's Complaint, Counts I, II, III and V).

2. On or about September 12, 2011, Plaintiffs Anthony Smith Jr. and Loretta Lynn Smith filed a First Amended Complaint to add Joy Technologies, Inc. d/b/a Joy Mining Machinery as an additional defendant. The causes of action pled in the original Complaint remain the same. (*See* Plaintiffs' First Amended Complaint, Counts I, II, III and V).

3. This Notice of Removal is timely in that it was filed within thirty days after receipt of the summons and original Complaint by Defendant in this action as prescribed by 28 U.S.C. § 1446. ADDCAR was served with a summons and the original Complaint on September 1, 2011. (**See** Exhibit A, Service of Process Transmittal.) This Notice of Removal was filed on September 27, 2011.

3. The above described action is one which may be removed by ADDCAR pursuant to the provisions of 28 U.S.C. § 1441 on the basis of diversity jurisdiction and amount in controversy, as indicated by the following circumstances:

### Diversity

a. Plaintiffs, Anthony Smith Jr. and Loretta Lynn Smith, were residents of the Commonwealth of Kentucky at the time of the incident giving rise to this litigation. (Plaintiff's Complaint, ¶1).

b. ADDCAR was at the time of the commencement of this action and at the present time is a foreign limited liability company organized under the laws of the State of Delaware. The citizenship of a limited liability company is determined by the citizenship of its members. *See Auxter v. Stanley*, 2010 U.S. Dist. LEXIS 19917 (N.D. Ohio, Mar. 4, 2010). ADDCAR's sole member is ICG, Inc.

    c. ICG, Inc. is duly organized and incorporated under the laws of the State of Delaware. The citizenship of a corporation is determined by its principal place of business which requires a consideration of the "nerve center" of the corporation. *See Hertz v. Friend*, 130 S.Ct. 1181 (2010) ("'Principal place of business'" under 28 U.S.C.S. § 1332(c)(1) is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"). The nerve center of ICG, Inc. is St. Louis, Missouri, the headquarters of its parent corporation, Arch Coal, Inc. All coordination functions and decisions for ICG, Inc. are made in Missouri.

    d. Thus, ICG, Inc., and ADDCAR were at the time of the commencement of this action (and continue to be) citizens of Missouri, not Kentucky.

    e. Joy Technologies, Inc. d/b/a Joy Mining Machinery ("Joy Mining"), is upon information and belief, a foreign corporation with its principal place of business in Milwaukee, Wisconsin. Thus, Joy Mining, at the time of the commencement of this action and now, is a citizen of Wisconsin, and not Kentucky. (*See* Plaintiffs' First Amended Complaint, ¶5).

    f. Therefore, there is complete diversity of citizenship between the parties to this lawsuit.

**Amount in Controversy**

    a. Plaintiffs' complaint alleges personal injury to Anthony Smith, Jr., a 37-year old man, including an amputated leg, as a result of an accident involving an allegedly defective highwall miner.  (*See* Plaintiff's First Amended Complaint, ¶¶ 9, 10, 14).

    b. In addition to seeking compensation for his injuries, the Plaintiff, Anthony Smith, seeks punitive damages.  (*See* Plaintiffs' First Amended Complaint).

    c. Therefore, ADDCAR believes that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as to each defendant.

5. Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1332 and which may be removed by ADDCAR herein pursuant to 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon ADDCAR in this action as of the date of filing of this Notice of Removal is attached hereto.  (*See* Exhibit B, State Court Papers.)

7. This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

8. A true and correct copy of this Notice of Removal will be filed with the clerk of the Harlan Circuit Court in accordance with 28 U.S.C. § 1446.

WHEREFORE, this action is properly removed from the Circuit Court of Harlan County, Kentucky, to this Court for all further proceedings.

Respectfully submitted,

   /s/ Grahmn N. Morgan
Chauncey S.R. Curtz
Grahmn N. Morgan
DINSMORE & SHOHL LLP
250 West Main Street, Suite 1400
Lexington, Kentucky  40507
(859) 425-1000
(859) 425-1099 (Facsimile)

*Counsel for Defendant, ICG ADDCAR, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via First Class Mail, Postage Prepaid, and via the Court's electronic case management system (CM/ECF) on this 27th day of September, 2011, upon the following:

Lawrence L. Jones II
Corey Ann Finn
JONES WARD PLC
Marion E. Taylor Building
312 South Fourth Street, 6th Floor
Louisville, KY 40202

R. Scott Wilder
Gambrel & Wilder Law Offices, PLLC
308 Highland Park Drive
Richmond, KY 40475
*Counsel for Plaintiff*

   /s/  Grahmn N. Morgan
*Counsel for Defendant, ICG ADDCAR, LLC*

423903v1

5