UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON
06:11-CV-00270-GFVT

ANTHONY SMITH, JR. and                                                                PLAINTIFFS
LORETTA LYNN SMITH

vs.

ICG ADDCAR SYSTEMS, LLC

and

JOY TECHNOLOGIES INC. d/b/a JOY MINING
MACHINERY

and

JOHN A. BAIRD, JR.
1406 Taylor Street
Flatwoods, Kentucky 41139

and

IAN T. CARR
1632 Elliot Avenue
Ashland, Kentucky 41102

                                                                                               DEFENDANTS

## SECOND AMENDED COMPLAINT

Plaintiffs Anthony Smith Jr., and Loretta Lynn Smith tender the following for their Second Amended Complaint against the Defendants:

1. Plaintiffs are citizens and residents of the Commonwealth of Kentucky.

2. Defendant, ICG ADDCAR Systems, LLC ("ADDCAR"), is a limited liability company, registered to and doing business in the Commonwealth of Kentucky, with its principal place of business in Ashland, Kentucky.

3. At all times complained of here, Defendant ADDCAR was the manufacturer of the ADDCAR Highwall Miner that is the subject of this Complaint.

4. This Court has jurisdiction over Defendant ADDCAR because at all times complained of herein, its principal place of business was in Kentucky.

5. Defendant, Joy Technologies, Inc., d/b/a Joy Mining Machinery ("Joy"), is a foreign corporation registered to and doing business in the Commonwealth of Kentucky, with its principal place of business in Milwaukee, Wisconsin.

6. At all times complained of here, Joy was the manufacturer of the Continuous Miner that is the subject of this Complaint.

7. This Court has jurisdiction over Defendant Joy because Joy placed its products, including the mining equipment described herein, in the stream of commerce, knowing and intending that it would be purchased in Kentucky, and by doing so has purposely availed itself of the laws of Kentucky.

8. Defendant John A. Baird, Jr. is a citizen of Kentucky, residing in Flatwoods, Kentucky. Defendant Baird is the co-inventor of the machine that injured Plaintiff.

9. Defendant Ian T. Carr is a citizen of Kentucky, residing in Ashland, Kentucky. Defendant Carr is the co-inventor of the machine that injured Plaintiff.

10. Venue is proper in this Court because the events complained of herein occurred in Harlan, County, Kentucky.

## FACTS

11.     On October 29, 2010, Plaintiff Anthony Smith was operating an ADDCAR Highwall Miner with a Joy Continuous Miner.

12.     When he was assisting a car technician in attempting to uncouple the car cathead, Mr. Smith's left foot became caught between exposed moving machine parts, specifically the car pusher (a hydraulic jack assembly) and miner guiderail, causing his left foot to be crushed.

13.     There was no audible or visible device to warn or signal miners that the pusher car jack was being engaged.

14.     Neither the Highwall Miner nor the Continuous Miner were equipped with sufficient protection to protect miners from the pinch point where Mr. Smith's foot was crushed.

15.     There were no signs warning of the dangers involved in moving pusher car jacks and disconnecting catheads.

16.     Due to the severity of his injuries, Mr. Smith's foot and lower leg was amputated.

17.     Plaintiff Anthony Smith Jr. is permanently disabled and unable to work and support his family.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Negligence**

18.     Plaintiff Anthony Smith Jr. incorporates by reference and realleges all paragraphs previously alleged herein.

19.     Defendants owed Plaintiff a duty to exercise reasonable care in the design, manufacture, installation, and repair of the Highwall Miner and the Continuous Miner, which are the subject of his litigation, including the duty to ensure that the Highwall Miner and the Continuous Miner did not cause personal injury to the Plaintiff.

20. Defendants knew or should have known that the Highwall Miner and the Continuous Miner were defectively designed, manufactured, installed, and/or repaired, potentially causing personal injury to Plaintiff.

21. Defendants failed to exercise ordinary care and breached their duty by, among other things, negligently designing, manufacturing, installing, and/or repairing the Highwall Miner and the Continuous Miner.

22. The aforementioned negligent acts and omissions of the Defendants were the direct and proximate cause of Plaintiff's damages.

23. Plaintiff Anthony Smith Jr. is entitled to damages in an amount to be proven at trial, together with interest thereon and costs.

## SECOND CLAIM FOR RELIEF
### Strict Products Liability – Design Defect

24. Plaintiff Anthony Smith Jr. incorporates by reference and realleges all paragraphs previously alleged herein.

25. Defendants designed, manufactured, sold, installed, and/or repaired the Highwall Miner and the Continuous Miner, which were intended by the Defendants to be used and operated by Plaintiff.

26. Defendants knew that the Highwall Miner and the Continuous Miner were to be purchased and used without inspection for defects by the Plaintiff and the general public.

27. The subject Highwall Miner and the subject Continuous Miner were unsafe for their intended use by reason of defects in their design, manufacture, and/or installation, so that the Highwall Miner and the Continuous Miner would not safely serve their purpose, but would instead expose their users to serious injuries.

28. Defendants designed, manufactured, and installed the subject Highwall Miner and the subject Continuous Miner, causing them to fail to perform as safely as an ordinary operator would expect when used in an intended or reasonably foreseeable manner.

29. The risks inherent in the designs of the subject Highwall Miner and the subject Continuous Miner outweighed significantly any benefits of such designs.

30. Plaintiff was not aware of the aforementioned defects at any time prior to the events complained of this Complaint.

31. As a legal and proximate result of the aforementioned defects of the subject Highwall Miner and the subject Continuous Miner, Plaintiff sustained injuries and damages set forth herein while operating the subject Highwall Miner and the subject Continuous Miner in a reasonably foreseeable manner.

32. Plaintiff is, therefore, entitled to damages in an amount to be proven at the time of trial.

### THIRD CLAIM FOR RELIEF
### Strict Products Liability – Failure to Warn

33. Plaintiff Anthony Smith Jr. incorporates by reference and realleges all paragraphs previously alleged herein.

34. Defendants knew that the subject Highwall Miner and the subject Continuous Miner would be purchased without inspection for defects.

35. The subject Highwall Miner and the subject Continuous Miner were defective when they left the control of the Defendants.

36. At the time of the design, manufacture, sale, repair of the subject Highwall Miner and the subject Continuous Miner, and continuing up to the time of Plaintiff's injuries, Defendants knew or should have known of the substantial dangers involved in the reasonably foreseeable use of the subject Highwall Miner and the subject Continuous Miner, whose defective design, manufacturing, and lack of sufficient warnings caused the products to have an unreasonably dangerous propensity to cause significant personal injury.

37. Defendants knew that this substantial danger is not readily recognizable to an ordinary user and that the user would use the subject Highwall Miner and the subject Continuous Miner without inspection.

38. At all relevant times, Defendants failed to provide adequate warnings, instructions, guidelines, or admonitions to Plaintiff of the defects, which the Defendants knew, or in the exercise of reasonable care should have known, to have existed in a manner that was reasonably foreseeable by Defendants involving substantial dangers that were not readily apparent to the products users.

39. At the time of Plaintiff's injuries, the subject Highwall Miner and the subject Continuous Miner were being used in the manner intended by the Defendants and in a manner that was reasonably foreseeable by Defendants as involving substantial danger that was not readily apparent to its users.

40. Plaintiff's damages were the legal and proximate result of the Defendants' failure to provide adequate warnings.

41. Plaintiff is, therefore, entitled to damages in an amount to be proven at the time of trial.

## FOURTH CLAIM FOR RELIEF
### Negligence

42. Plaintiff Anthony Smith Jr. incorporates by reference and realleges all paragraphs previously alleged herein.

43. Defendants Baird and Carr owed Plaintiff a duty to exercise reasonable care in the invention and design of the machines, which are the subject of his litigation, including the duty to ensure that the machines did not cause personal injury to the Plaintiff.

44. Defendants knew or should have known that the machines contained certain "pinch points" that could foreseeably cause injury to foreseeable users like Plaintiff. Moreover, Defendants knew or should have known that the machines were unsafe for use without an alarm system to warn workers in the areas on and around the machines.

45. Defendants failed to exercise ordinary care and breached their duty to Plaintiff.

46. The aforementioned negligent acts and omissions of the Defendants were the direct and proximate cause of Plaintiff's damages.

47. Plaintiff Anthony Smith Jr. is entitled to damages in an amount to be proven at trial, together with interest thereon and costs.

## FIFTH CLAIM FOR RELIEF
### Loss of Consortium

48. Plaintiff Loretta Lynn Smith incorporates by reference and realleges all paragraphs previously alleged herein.

49. Plaintiff, individually, as a result of the severe injury to Anthony Robert Smith Jr., has suffered the loss of love, affection, and companionship of her husband, as well as the loss of household services.

50. The Plaintiff's losses are a direct and proximate result of the Defendant's conduct.

51. Plaintiff, individually, is entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand judgment against the Defendants herein for the following:

- a. such an amount as will fairly and reasonably compensate Plaintiffs for their injuries set forth above,
- b. for their costs herein expended including reasonable attorney fees,
- c. for pre and post-judgment interest,
- d. punitive damages,
- e. trial by jury, and
- f. for all other relief for which the Plaintiffs appear properly entitled.

Respectfully submitted,

**JONES WARD PLC**
Lawrence L. Jones II
Corey Ann Finn

 /s/ Lawrence L. Jones II
Marion E. Taylor Building
312 South Fourth Street, 6th Floor
Louisville, Kentucky 40202
Tel. 502-882-6000

R. Scott Wilder
Gambrel & Wilder Law Offices, PLLC
308 Highland Park Drive
Richmond, Kentucky 40475
Tel. 859-626-1600
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

The foregoing was served to all pre-existing parties within accordance with the Court's ECF/CM system and to all new parties in accordance with the Federal Rules of Civil Procedure.

 /s/ Lawrence L. Jones II
Counsel for Plaintiffs