# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| ANTHONY SMITH, JR. and ) <br> LORETTA LYNN SMITH ) <br> ) <br> ) <br> Plaintiffs ) <br> ) <br> and ) <br> ) <br> CHARTIS CASUALTY COMPANY ) <br> ) <br> Intervening Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> ICG ADDCAR SYSTEMS, LLC and JOY ) <br> TECHNOLOGIES INC. d/b/a JOY MINING ) <br> MACHINERY ) <br> ) <br> ) <br> Defendants. ) | *Electronically filed* <br><br> Civil Action No. 11-270-ART |

## ICG ADDCAR SYSTEMS, LLC'S ANSWER TO INTERVENING COMPLAINT

\* \* \* \* \* \* \* \*

The Defendant, ICG ADDCAR Systems, LLC ("ADDCAR"), by counsel, and for its Answer to the Intervening Complaint [R. 34] filed by the Intervening Plaintiff, Chartis Casualty Company ("Intervening Plaintiff"), respectfully states as follows:

## FIRST DEFENSE

In response to the numbered paragraphs in the Intervening Complaint, ADDCAR states as follows:

1. ADDCAR is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 1 of the Intervening Complaint and the allegations call for a legal conclusion; therefore, ADDCAR denies the same.

2. ADDCAR is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 2 of the Intervening Complaint and the allegations call for a legal conclusion; therefore, ADDCAR denies the same.

3. The allegations of Paragraph 3 of the Intervening Complaint do not require a response. To the extent a response is required, ADDCAR incorporates by reference its responses to numerical paragraphs 1-51 in its Answer to the Plaintiffs' Second Amended Complaint [R. 19].

4. The allegations of Paragraph 4 of the Intervening Complaint do not require a response because the pleadings filed in this action speak for themselves.[1] To the extent a response is required, ADDCAR denies the same. Further, ADDCAR denies any allegation to the extent it alleges that the product at issue was defective or that such defect, if any, caused damage to the Plaintiffs.

5. The allegations of Paragraph 5 of the Intervening Complaint call for a legal conclusion, and therefore, no response is required. To the extent a response is required, ADDCAR is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 5 of the Complaint, and therefore, denies the same.

6. ADDCAR incorporates by reference its responses to numerical paragraphs 1-51 in its Answer to the Plaintiffs' Second Amended Complaint [R. 19].

---

[1] Though the Intervening Complaint references Plaintiffs' "Complaint," this Answer assumes the Intervening Plaintiff intends to reference Plaintiffs' Second Amended Complaint [R. 10] which replaced any prior complaints filed in this action; accordingly, ADDCAR incorporates its Answer [R. 19] as though set forth fully herein.

7.    ADDCAR denies all allegations in the Intervening Complaint not expressly admitted herein.

## SECOND DEFENSE

ADDCAR specifically denies that the Intervening Plaintiff is entitled to the relief expressed in the "WHEREFORE" paragraphs.

## THIRD DEFENSE

The Intervening Complaint fails to state a claim for which relief shall be granted.

## FOURTH DEFENSE

The Plaintiffs' Second Amended Complaint may be barred by the exclusive remedy provision provided in KRS Chapter 342. Therefore, the Intervening Complaint likewise may be barred.

## FIFTH DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the failure to join an indispensible party. Accordingly, the Intervening Complaint is barred.

## SIXTH DEFENSE

The product at issue was not defective and did not proximately cause any injuries or damages sustained by the Plaintiffs as alleged in the Second Amended Complaint. Therefore, the Intervening Complaint must fail.

## SEVENTH DEFENSE

The Plaintiffs' damages, if any, may have been due to, caused and occasioned by Plaintiff, Anthony Smith, Junior's own negligence, and therefore, Plaintiffs' claims should be dismissed or reduced by a percentage of his negligence pursuant to KRS 411.182. Accordingly, the claims in the Intervening Complaint must likewise be dismissed or reduced.

**EIGHTH DEFENSE**

The Plaintiffs' damages, if any, may have been due to, caused and occasioned by the independent intervening or superseding causes or events beyond the control of and unrelated to the conduct of ADDCAR, and therefore, Plaintiffs or the Intervening Plaintiff may not recover from ADDCAR. Accordingly, the Intervening Plaintiff may not recover from ADDCAR.

**NINTH DEFENSE**

The Plaintiffs' damages, if any, may have been due to, caused and occasioned by the sole negligence, recklessness, willfulness, and wantonness of the third parties, therefore, Plaintiffs may not recover from ADDCAR. Accordingly, the Intervening Plaintiff may not recover from ADDCAR.

**TENTH DEFENSE**

The Plaintiffs' damages, if any, may have been due to, caused and occasioned by the misuse, abuse, and/or improper use of the alleged product. Therefore, the Intervening Plaintiff may not recover from ADDCAR.

**ELEVENTH DEFENSE**

The Plaintiffs' damages, if any, may have been due to, caused and occasioned by the redesign, modification, alteration, treatment, or change of the subject product by someone other than ADDCAR and not from any act or omissions of ADDCAR. Therefore, Intervening Plaintiff may not recover from ADDCAR.

**TWELFTH DEFENSE**

The Plaintiffs' claims are barred, in whole or in part, because the product at issue was designed, the methods of manufacture, and testing were in conformity with the generally

recognized and prevailing standards or the state of the art in existence at the time the design was prepared, and the product was manufactured. Therefore, the Intervening Complaint must fail.

### THIRTEENTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part by the terms, conditions and limitations of any applicable warranties, disclaimers or instructions pursuant to which the product was sold. Therefore, the Intervening Complaint is barred.

### FOURTEENTH DEFENSE

ADDCAR relies on each and every defense and presumption contained in the Product Liability Act of Kentucky, KRS 411.310, *et seq.*, to the extent applicable.

### FIFTEENTH DEFENSE

ADDCAR states that it has not had the opportunity to inspect the product described in the Complaint to determine if it, or any component part, was designed, manufactured, or sold by ADDCAR. Further, ADDCAR states that any conditions and characteristics of the product alleged to be defective as described in the Second Amended Complaint are open and obvious.

### SIXTEENTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages. Therefore, the Intervening Complaint is barred.

### SEVENTEENTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by a lack of privity. Therefore, the Intervening Complaint is barred.

### EIGHTEENTH DEFENSE

The Second Amended Complaint fails to state facts sufficient to constitute a cause of action for punitive damages, exemplary damages and/or attorney's fees against ADDCAR, and

any claim for punitive or exemplary damages cannot be sustained because such an award will violate ADDCAR's rights under the United States and Kentucky Constitutions. Therefore, the Intervening Plaintiff may not recover punitive damages, exemplary damages and/or attorney's fees against ADDCAR.

### NINETEENTH DEFENSE

ADDCAR states that the interpretation of patents and the determination of any rights or liabilities relating to patents or inventors are within the original and exclusive jurisdiction of the United States District Courts. *See* 28 U.S.C. § 1338.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred and/or preempted because the product described in the Second Amended Complaint, and any component part, was designed, manufactured and equipped in conformity with the laws applicable to and the regulations promulgated by Federal Mine Safety and Health Administration, Kentucky Department of Mines and Minerals, and/or the Kentucky Office of Mine Safety and Licensing. Therefore, the Intervening Complaint is barred.

### TWENTY FIRST DEFENSE

ADDCAR reserves its right to rely upon any and all other affirmative defenses, and/or to amend its Answer so as to include such defenses, following further discovery.

WHEREFORE, ADDCAR respectfully requests as follows:

a. The Intervening Complaint be dismissed, with prejudice;

b. Judgment in favor of ADDCAR;

c. Apportionment pursuant to KRS 411.182 against Plaintiffs and other applicable parties and/or non-party persons or entities as show by the proof;

      d.      An award of its reasonable costs incurred in defending this action, including a reasonable attorneys fee; and

      e.      Any and all other relief to which it is entitled.

>Respectfully submitted,
>
>/s/ Eva Christine Lewis
>Chauncey S.R. Curtz
>Grahmn N. Morgan
>Eva Christine Lewis
>DINSMORE & SHOHL LLP
>250 West Main Street, Suite 1400
>Lexington, Kentucky 40507
>(859) 425-1000 (telephone)
>(859) 425-1099 (facsimile)
>
>*Counsel for Defendant,*
>*ICG ADDCAR Systems, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic case management system (CM/ECF) on this 6th day of April, 2012, upon the following:

Lawrence L. Jones II
Corey Ann Finn
Jones Ward PLC
Marion E. Taylor Building
312 South Fourth Street, 6th Floor
Louisville, KY 40202

Larry C. Deener
Elizabeth Anna Deener
Landrum & Shouse LLP
106 W. Vine Street, Suite 800
P.O. Box 951
Lexington, KY 40588-951

R. Scott Wilder
Gambrel & Wilder Law Offices, PLLC
308 Highland Park Drive
Richmond, KY 40475

Roberta K. Kiser
Pohl, Kiser & Aubrey, PSC
271 West Short Street, Suite 100
Lexington, KY 40507

>/s/ Eva Christine Lewis
>*Counsel for Defendant,*
>*ICG ADDCAR Systems, LLC*