UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION - LONDON
CASE NO. 6-11–cv-00270-ART

ANTHONY SMITH, JR. and
LORETTA LYNN SMITH                                                                   PLAINTIFFS

and

CHARTIS CASUALTY COMPANY                              INTERVENING
                                                                                    PLAINTIFF

v.        **ANSWER OF JOY TECHNOLOGIES INC.
          D/B/A JOY MANUFACTURING COMPANY
          TO INTERVENING COMPLAINT**

ICG ADDCAR SYSTEMS, LLC and
JOY TECHNOLOGIES, INC.
d/b/a JOY MINING MACHINERY                                                           DEFENDANTS

\*\*\*\*\*\*\*\*\*\*

Comes the Defendant, Joy Technologies Inc. d/b/a Joy Manufacturing Company [hereinafter "Joy"], by counsel, and for its answer to the Intervening Complaint of Chartis Casualty Company, states the following:

### FIRST DEFENSE

The Complaint of the Intervening Plaintiff should be dismissed, in whole or in part, for failure to state a claim upon which the relief therein sought may be granted.

### SECOND DEFENSE

This Defendant incorporates by reference each and every answer and defense to the original Complaint, First Amended Complaint, and Second Amended Complaint and Answer in response to the Intervening Complaint as if incorporated in their entirety herein in response to the Intervening

779742.1

Complaint.

### THIRD DEFENSE

The Intervening Complaint should be dismissed, in whole or in part, as barred by the applicable limitation of actions in such cases made and provided; or, in the alternative, the doctrines of laches or estoppel.

### FOURTH DEFENSE

That at the time, at the place, and on the occasion complained of in the Intervening Complaint, the Plaintiff through whom the Intervening Plaintiff claims, was himself guilty of negligence which contributed to cause and bring about the damages and injuries alleged in the Complaints and Intervening Complaint. Defendant states Intervening Plaintiff may not recover any amount of damages for injuries caused and brought about by the comparative fault of Plaintiff .

### FIFTH DEFENSE

Defendant states that the sole proximate cause of the injuries and damages alleged in Intervening Plaintiff's complaint were the actions, non-actions, or negligence of a person or persons other than Joy and for whose actions, non-actions, or negligence this Defendant is in no way liable. Intervening Plaintiff is therefore not entitled to recover from this Defendant in this action.

### SIXTH DEFENSE

Defendant states that the sole proximate cause of the injuries and damages alleged in Intervening Plaintiff's complaint was the combination of actions, non-actions, or negligence of a person or persons other than Joy for whose actions, non-actions, or negligence Joy is in no way liable. Intervening Plaintiff is therefore not entitled to recover from Joy in this action.

**SEVENTH DEFENSE**

Defendant states that the injuries and damages alleged in Intervening Plaintiff's complaint may have been caused by an intervening and superseding cause for which Defendant is in no way liable. Intervening Plaintiff is therefore not entitled to recover from Joy in this action for such damages.

**EIGHTH DEFENSE**

This Defendant pleads and relies upon the Kentucky Product Liability Act, KRS 411.300 et seq., as a complete bar to the Intervening Plaintiff's complaint.

**NINTH DEFENSE**

This Defendant pleads and relies upon the provisions of the Kentucky Uniform Commercial Code, Chapter 355 of the Kentucky Revised Statutes, as a bar to some or all of the allegations of the Intervening Complaint.

**TENTH DEFENSE**

This action is barred in whole or in part by the limitation of actions in such cases made and provided.

**ELEVENTH DEFENSE**

This Defendant states the Plaintiff through whom the Intervening Plaintiff claims was and is required to mitigate his damages alleged to have been suffered in this accident. To the extent such damages may have been lessened or avoided, the Intervening Plaintiff may not recover such damages.

**TWELFTH DEFENSE**

(1)   Joy is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 1 of the intervening complaint and therefore denies the same.

(2) Joy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the intervening complaint and therefore denies the same.

(3) Joy incorporates by reference, reasserts and realleges each and every answer and defense to the Complaint, First Amended Complaint and Second Amended Complaint of the Plaintiffs in answer to the incorporated allegations of paragraph 3 of the intervening complaint as if copied at length herein. Joy specifically denies any incorporated allegations of liability as to it.

(4) Joy admits that Plaintiffs have filed a lawsuit against Joy and others, but denies all allegations of liability as to it and therefore denies the allegations of paragraph 4 of the intervening complaint.

(5) Joy denies the allegations contained in paragraph 5 of the intervening complaint.

(6) Joy denies any and all allegations of the intervening complaint that are not expressly admitted above.

### THIRTEENTH DEFENSE

This Defendant reserves the right to supplement this Answer to include any defenses, including affirmative defenses, that become applicable as discovery progresses.

WHEREFORE, the Defendant, Joy Technologies Inc. d/b/a Joy Manufacturing Company, prays that the Intervening Complaint of Chartis Casualty Company, be dismissed and that it take nothing thereby; for its costs herein expended, for trial by jury; and for any and all other relief to which it may appear entitled.

        Respectfully submitted,

        LARRY C. DEENER, ESQ.
        ELIZABETH A. DEENER, ESQ.
        LANDRUM & SHOUSE LLP
        P.O. Box 951
        Lexington, KY 40588-0951
        Telephone: (859) 255-2424
        Fax: (859) 233-0308
        ldeener@landrumshouse.com
        edeener@landrumshouse.com


BY:     /s/ Elizabeth A. Deener
       ATTORNEYS FOR DEFENDANT,
       JOY TECHNOLOGIES INC.
       d/k/a JOY MINING MACHINERY

## **CERTIFICATE OF SERVICE**

   This is to certify that a copy of the foregoing has this 6th day of April, 2012, served through the ECF system to the following:

| | |
|---|---|
| Lawrence L. Jones II, Esq.<br>Corey Ann Finn, Esq.<br>Jones Ward PLC<br>Marion E. Taylor Building<br>312 South Fourth Street, 6th Floor<br>Louisville, KY 40202<br>corey@jonesward.com<br>larry@jonesward.com<br><br>R. Scott Wilder, Esq.<br>Gambrel & Wilder Law Offices, PLLC<br>308 Highland Park Drive<br>Richmond, KY 40475<br>gandwlaw@bellsouth.net<br>*Co-Counsel for Plaintiffs, Anthony Smith, Jr.*<br>*And Loretta Lynn Smith* | Chauncey S.R. Curtz, Esq.<br>Grahmn N. Morgan, Esq.<br>Dinsmore & Shohl, LLP<br>Lexington Financial Center<br>250 W. Main St., Suite 1400<br>Lexington, KY 40507<br>chauncey.curtz@dinslaw.com<br>grahmn.morgan@dinsmore.com<br>*Counsel for ICG ADDCAR, LLC*<br><br>Hon. Roberta K. Kiser<br>POHL, KISER & AUBREY, PSC<br>271 West Short Street, Suite 100<br>Lexington, Kentucky 40507<br>(859) 381-9224 (phone)<br>(859) 381-9884 (fax)<br>rkiser@ppkalaw.com<br>*Counsel for Chartis Casualty Company* |

            BY:  /s/ Elizabeth A. Deener
                ATTORNEYS FOR DEFENDANT,
                JOY TECHNOLOGIES INC.
                d/k/a JOY MINING MACHINERY