IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
6:11-CV-00270-ART-HAI

ANTHONY SMITH, JR. and
LORETTA LYNN SMITH                                                                                  PLAINTIFFS

and

CHARTIS CASUALTY COMPANY                                                 INTERVENING PLAINTIFF

v.           **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
             **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE**
             **COMPUTER ANIMATION IN PLAINTIFFS' EXHIBIT 4**
             **ABSENT PROPER FOUNDATION**

JOY TECHNOLOGIES INC.
d/b/a JOY MINING MACHINERY
                                                                                                    DEFENDANTS

**\*\*\*\*\*\*\*\*\*\***

In support of their Response in Opposition to Defendant Joy Technologies Inc. d/b/a Joy Mining Machinery's ("Joy" or "Defendant") Motion in Limine to Exclude Computer Animation in Plaintiffs' Exhibit 4 Absent Proper Foundation (DN 170), Plaintiffs Anthony Smith, Jr. and Loretta Lynn Smith ("Plaintiffs"), by counsel, re-state and re-allege their arguments as set forth in their Objection to Defendant's Pre-Trial Filings (DN 181) as though fully set forth herein, and in the alternative, state the following:

**INTRODUCTION**

The computer animation listed as Plaintiffs' Exhibit Number 4 (DN 109) is a document that is self-authenticating under Fed. R. Evid. 902, and therefore should be admitted at trial. The source of the computer animation is a power point presentation made publicly available online by the Kentucky Division of Mine Safety, formerly known as the Kentucky Office of Mine Safety and Licensing ("KOMSL"), at http://minesafety.ky.gov/Accident%20Reports/10-29-2010.pps. *See also* Exhibit A, attached hereto in PDF format. The powerpoint includes a first

1

slide which lays out the "Serious Accident" number, the type of accident, district of the accident, date of accident, site of accident, and Kentucky's file number related to the accident.

This is also a document that is relevant under FRE 402, and which has a probative value not substantially outweighed by any prejudicial effect under FRE 403. Certainly, lack of proper foundation is objectionable at any trial, but there are several witnesses Plaintiffs have listed who could lay a proper foundation for use of this exhibit as illustrative or demonstrative evidence. *See, e.g.*, Plaintiff's Exhibit List Nos. 1 - Anthony Smith, 6 - Ken Blundell, 7 - Timothy Fugate (DN 107). As a result, Plaintiff's Exhibit 4 is admissible, and this Court should deny Defendant's motion (DN 170).

## ARGUMENT

"Courts generally have allowed the admission of computer animations if authenticated by testimony of a witness with personal knowledge of the content of the animation, upon a showing that it fairly and adequately portrays the facts and that it will help to illustrate the testimony given in the case." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 559 (D. Md. 2007). A computer-animated videotaped recreation of events at issue in trial is not unduly prejudicial if it is sufficiently close to the actual events and is not confused by the jury for the real life events themselves. *Hinkle v. City of Clarksburg*, 81 F.3d 416 (4th Cir. 1996). "The use of computer animations is allowed when it satisfies the usual foundational requirements for demonstrative evidence." *Friend v. Time Mfg. Co.*, 2006 U.S. Dist. LEXIS 52790, 2006 WL 2135807, at *7 (D. Ariz. July 28, 2006).

Here, there is no issue of authentication. First of all, according to his deposition, Mr. Fugate is the creator of the animation and will be able to authenticate it. *See* Dep. Tim Fugate 21:20-23:5, attached hereto as Ex. B. Secondly, the animation is self-authenticating under FRE

2

902(5) as an official publication of KOMSL. Other courts have found that print-offs from webpages of state or federal agencies have been found to qualify under this exception in other instances, and this case is not sufficiently distinct to warrant other treatment. *Bartlett v. Mut. Pharm. Co.*, 760 F. Supp. 2d 220, 235 n. 10 (D.N.H. 2011); *Williams v. Long*, 585 F. Supp. 2d 679, 686-690 (D. Md. 2008).

Furthermore, it cannot be seriously argued that the animation is either unduly prejudicial under 403 or irrelevant under 402. The animation is certainly relevant as it demonstrates, for example, that a guard around the pusher jacks would have prevented Anthony's injury. Furthermore, it is helpful to the jury in understanding the testimony of Plaintiffs' witnesses and the sequence of events. In this way, the probative value of the animation, in clarifying the evidence, is much weightier than any purported prejudicial effect. In any event, it is not apparent that Defendant has even alleged that the animation is unauthenticated, irrelevant, or prejudicial. The only basis upon which Defendants appear to claim that this evidence is not admissible is lack of foundation, an objection which is entirely speculative until a foundation is not laid at trial. As indicated above, at least three witnesses designated by Plaintiffs could lay a proper foundation.

Notably, Defendant's citations are inapposite. The circuit breaker videotape admitted in *In re Air Crash Disaster* was found that it did not violate the Brumby Rule, FRCP 26(e)(2), law of the case, or FRE 403. *Polec v. Northwest Airlines (In re Air Crash Disaster)*, 86 F.3d 498, 538-540 (6th Cir. 1996). There is no mention of a requirement to authenticate under FRE 901, and the court also made no conclusions about the circuit breaker videotape's relevancy under FRE 401. There is also no mention of any particular foundational requirements. The appellant in that case made no challenge to the tape on those grounds. Clearly, that case does not stand for the

3

proposition for which Defendants have cited it-- that computer animations may only be admitted if they meet the standards of FRE 402, FRE 403, and FRE 901. Therefore, computer animations such as the one in *In re Air Crash Disaster* are apparently subject to the same standards of admissibility as other demonstrative evidence.

Defendant's citation to *Gosser v. Com.* is equally puzzling. 31 S.W.3d 897 (Ky. 2000). *Gosser* is a state court case, and its evidentiary rulings under the Kentucky Rules of Evidence are not binding on this Court. The *Gosser* court appears to be the actual source of Defendant's tripart test. *Id.* at 903 (stating a four-part test that computer generated diagrams must meet KRE 402, 403, 611, and 902, to be admitted). "Further, because a computer-generated diagram, like any diagram, is merely illustrative of a witness's testimony, its admission normally does not depend on testimony as to how the diagram was prepared, e.g., how the data was gathered or inputted into the computer." *Id.* at 903. Again, Defendant's source of authority is not even particularly helpful in addressing their concerns over a lack of foundation.

Plaintiffs urge this Court to deny Defendant's instant motion in limine, and encourage Defendants to make an objection at trial should they feel there is inadequate foundation. In addition, Plaintiffs ask that this Court also note the untimeliness of Defendant's motion under this Court's order of July 16, 2014 (DN 100) in denying its motion.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this Motion in Limine to Exclude Computer Animation in Plaintiffs' Exhibit 4 Absent Proper Foundation (DN 170) be **DENIED**. A proposed order is attached to this motion.

Respectfully submitted,

JONES WARD PLC
/s/ Lawrence L. Jones II

4

Lawrence L. Jones II
R. Lauren Horner
312 S. 4th Street, 6th Floor
Louisville, Kentucky 40202
(502) 882-6000

R. Scott Wilder
Gambrel & Wilder Law Offices, PLLC
525 Darby Creek Dr., #29
Lexington, KY 40509
(859) 626-1600
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2014, I electronically filed the foregoing with the Clerk of the Court through the ECF system, which will provide notice of this filing to all parties.

/s/ Lawrence L. Jones, II
*Counsel for Plaintiffs*